UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY HARDING-WRIGHT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY,<br><br>Defendant. | Civil Action 04-00558 (HHK) |

MEMORANDUM OPINION

Amy Harding-Wright, Alfonso Wright, Pranav Badhwar, and Ellen Shaw (collectively, "plaintiffs"), bring this putative class action against the District of Columbia Water and Sewer Authority ("WASA", or "defendant"), alleging that defendant has failed to provide safe drinking water to the residences, offices, and schools of the District of Columbia. Plaintiffs bring claims for negligence, unfair and deceptive trade practices, breach of contract, and unjust enrichment, seeking declaratory judgment and compensatory and punitive damages. Before the court is plaintiffs' motion to remand the case to Superior Court for the District of Columbia [#32]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that plaintiffs' motion must be granted.

I.  BACKGROUND INFORMATION

Plaintiffs originally brought suit in Superior Court on March 8, 2004, seeking declaratory, injunctive, and compensatory relief on a variety of claims against WASA and the District of Columbia. Plaintiffs allege that defendants supplied them water contaminated with lead, thereby exposing plaintiffs to the risk of physical injury, causing them to incur pecuniary

losses, and diminishing the value of their real property. Compl. ¶¶ 82, 85-88.[1]  Defendant removed the case to federal court on April 7, 2004.  On August 31, 2004, the court dismissed plaintiff's claims for injunctive relief against WASA and all claims against the District of Columbia.  Thereafter, plaintiffs filed the present motion seeking to have their remaining claims remanded to Superior Court.

## II.  ANALYSIS

**A.     Standard of Review**

When a federal district court determines at any time prior to final judgment that it lacks jurisdiction over a case that has been removed from state court, the district court must remand the case to the state court.  28 U.S.C. § 1447(c); *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).  This court is required to construe its own jurisdiction narrowly, and resolve any doubts about the existence of jurisdiction in favor of remand.[2]  *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).  Here, because the defendant is the party asserting federal court jurisdiction, it bears the burden of proving that jurisdiction.  *Julien v. CCA of Tennessee, Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

---

[1] A more detailed account of plaintiffs' underlying claims may be found in the court's opinion of August 31, 2004 ("Mem. Op.") at 11-12.

[2] Defendant's assertion that "plaintiffs may not extract this case from this Court unless they demonstrate that defendants *acted improperly* in removing it on the basis of federal question jurisdiction," Def.'s Opp'n at 1 (emphasis added), misstates the relevant legal standard.  The only showing required for remand is that the court no longer retains federal question jurisdiction over plaintiffs' claims.  Additionally, the burden remains squarely on defendant to establish this court's continued jurisdiction.

In cases where federal law creates the plaintiff's cause of action, federal courts "unquestionably" have subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If, however, state law creates the cause of action, the court must determine whether the adjudication of those state law claims "requires resolution of a substantial question of a federal law," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983), because "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

**B.     Discussion**

Here, plaintiffs contend that remand to District of Columbia Superior Court is required because all of the substantive causes of action set forth in their complaint arise under state law. They further argue that federal law is not an "essential element" of their state law claims, with the exception of negligence per se. Pls.' Mot. to Remand at 7. Plaintiffs acknowledge that to prevail on their claim of negligence per se they must prove violation of federal law, but maintain that negligence per se is simply an alternative theory of liability to their claim of negligence/reckless endangerment, which does not materially involve federal law. *Id*. at 6. Defendant opposes remand, arguing that the negligence per se claim alone is sufficient to justify the court's ongoing jurisdiction, but that all of plaintiffs' other causes of action "also present substantial federal questions." Def.'s Opp'n at 13. Plaintiffs are correct that their surviving claims do not substantially implicate federal law sufficient for the court to retain jurisdiction.

1.     Negligence and Negligence Per Se

3

With regard to plaintiffs' negligence per se claim, the parties agree that proving such a claim would require a showing that defendant violated federal law.[3]  Pls.' Mot. to Remand at 6, Def.'s Opp'n at 8-9.  Plaintiffs, however, contend that their negligence/reckless endangerment claim requires no such showing, and assert that negligence and negligence per se are simply alternative theories of liability.  The court agrees.  An examination of the complaint shows that plaintiffs' claims for negligence and negligence per se emerge from the same nexus of facts, *compare* Compl. ¶¶ 90-93 *with* ¶¶ 94-99.  Under either theory, the crux of plaintiffs' argument is that defendant delivered water contaminated with lead to plaintiffs, causing them the specified injuries.  The only salient difference under the two theories is the nature of the duty that defendant owes plaintiffs – a state common law duty of care with respect to negligence/reckless endangerment, or a statutory duty to comply with the Lead and Copper Rule for negligence per se.  The court finds these claims to be alternative theories of liability because they allege the same injuries, the same causation, and the same unlawful actions or omissions.  *See Mulcahey*, 29 F.3d at 153-54 (finding that the plaintiffs' negligence per se claim citing federal environmental statutes was "only an alternative theory of liability" because even if the defendant had not violated any federal law, the plaintiffs "might still be entitled to recover" under their common law negligence claim).

If negligence and negligence per se are merely alternative theories under which WASA may be found liable for the same underlying conduct, then the presence of the negligence per se

---

[3]  The negligence per se claim is premised upon defendant delivering water exceeding the "Lead Action Level" established by Environmental Protection Agency rules.  Compl. ¶¶ 95-98.  The Lead Action Level is established within the "Lead and Copper Rule," 40 C.F.R. § 141.80, promulgated under the authority of the Safe Drinking Water Act, 42 U.S.C. § 300g *et seq.*, *see* Mem. Op. at 3-4.

claim cannot support this court's continued jurisdiction.[4] A claim "supported by alternative theories" may not supply the basis for federal question jurisdiction unless federal law "is essential to each of those theories." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988); *see also Mulcahey*, 29 F.3d at 153 (citing *Christianson*, 486 U.S. at 811) ("if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) ("a plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue."). Defendant acknowledges as much in its opposition, noting that "if the *claim* rests on multiple *theories*, some which [sic] do not present a federal question, then the *claim* does not present a federal question." Def.'s Opp'n at 10.

    2.    Remaining Claims

All of plaintiffs' other remaining claims – unfair or deceptive trade practices, breach of contract, and unjust enrichment – are based upon violations of state law or breaches of state-based common law duties.[5] Certainly, federal court jurisdiction would still attach "where the vindication of a right under state law necessarily turned on some construction of federal law."

---

[4] Even if the court construed negligence per se as a completely independent basis for liability, there is no indication that a trier of fact would be required to go beyond simply deciding whether WASA violated the law. "Although the Lead and Copper Rule may play a role in determining whether WASA was negligent per se, determining whether WASA complied with these provisions will not require complex interpretation or judicial rulemaking." Mem. Op. at 20.

[5] The claim of unfair or deceptive trade practices is premised upon violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. § 28-3901 *et seq.*, Compl. ¶ 106, while the breach of contract and unjust enrichment claims find their legal bases in District of Columbia common law.

*Franchise Tax Board*, 463 U.S. at 9.  Here, however, the crucial determinations are whether WASA acted in violation of the District of Columbia Consumer Protection Procedures Act, Compl. ¶¶ 101, 103-06; breached a binding contract by tendering delivery of non-conforming goods, Compl. ¶¶ 108-12; or improperly profited at plaintiffs' expense in violation of a quasi-contractual obligation, Compl. ¶¶ 116-17.  None of these questions depend upon any particular construction of the Lead and Copper Rule, or put the Rule's validity directly into dispute; while the Rule undoubtedly lingers in the background of *any* action relating to lead levels in drinking water, its role in an adjudication of this suit is "collateral, peripheral, or remote," *Mulcahey*, 29 F.3d at 152 (quoting *Merrell Dow*, 478 U.S. at 813 n.11 (other citations omitted)).

This conclusion is compelled by common sense, but is also firmly rooted in caselaw.  Under *Merrell Dow*, a "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814.  The Safe Drinking Water Act, the federal law underlying the Lead and Copper Rule, does authorize private party lawsuits against any violator of the Act or its requirements.  42 U.S.C. § 400j-8(a)-(e).  The Act, however, does not provide any federal right of action for the recovery of compensatory damages.  *Id*.; *see Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 598 (M.D. La. 2003).  Because the remedy plaintiffs seek is unavailable under federal law, "a 'private cause of action' under *Merrell Dow* does not, in truth, exist."  *Mulcahey*, 29 F.3d at 153.

Meanwhile, the Safe Drinking Water Act expressly permits states to impose more stringent regulations than those promulgated by the federal government,  42 U.S.C. § 400g-2,

and preserves "the right of individuals to pursue state remedies." *Batton*, 261 F. Supp. 2d at 598 (citation omitted).  Specifically, the Act provides:

> Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any requirement prescribed by or under this subchapter or to seek any other relief.

42 U.S.C. § 400j-8(e).

Against this explicit pronouncement preserving the option of state law remedies, including compensatory damages actions unavailable under federal law, plaintiffs' mere "citation of [a] federal environmental statute[] which provide[s] for a private federal remedy is simply not enough to show congressional intent" that the federal courts should exercise jurisdiction over plaintiffs' state law claims.  *Mulcahey*, 29 F.3d at 153.

To be sure, federal jurisdiction over state law claims may be appropriate when necessary to protect against inconsistent interpretation of a federal statutory regime.  *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 327 F. Supp. 2d 554, 567 (D. Md. 2004). Plaintiffs' surviving claims, however, do not "challenge the foundation of a complex regulatory scheme," Def.'s Opp'n at 7, as a lawsuit seeking injunctive relief might.[6]  Instead, plaintiffs

---

[6] In the context of a previously resolved jurisdictional question – whether the court should refrain from deciding plaintiffs' claims even if it properly obtain jurisdiction – the court distinguished between plaintiffs' claims for injunctive relief, which challenged the regulatory framework established by the EPA to govern standards for lead in drinking water, and their claims for monetary damages, which did not.

Under the primary jurisdiction doctrine, a court has discretion to decide that it should refrain from hearing a case when its adjudication "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body," here the Environmental Protection Agency.  Mem. Op. at 18 (citing *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956)).  The applicability of the doctrine depends on whether the claims are within the conventional expertise of judges; whether adjudication of the claims would create the risk of inconsistent interpretations of agency rules; and whether adjudication would conflict with pending agency action.  Mem. Op. at 21-24.  The court concluded that insofar as plaintiffs sought injunctive relief, the primary jurisdiction doctrine would prevent the court from

simply assert that WASA owes them compensation for the injuries it caused them, claims specifically permitted by the Safe Drinking Water Act upon which plaintiffs could prevail whether or not WASA violated federal law. Defendants have thus failed to establish that plaintiffs' state law claims implicate substantial federal questions. Accordingly, the court lacks jurisdiction over this suit and directs that it be remanded to Superior Court.[7]

### III. CONCLUSION

For the foregoing reasons, this court concludes that plaintiffs' motion to remand must be **GRANTED**. An appropriate order accompanies this opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: January 3, 2005

---

entertaining the suit, but that no such limitation would apply to plaintiffs' claims for monetary damages.

[7] Defendant urges that even in the absence of original federal question jurisdiction, this court should retain supplemental jurisdiction for the sake of "'judicial economy, convenience, and fairness . . . ,'" Def.'s Opp'n at 18 (citation omitted). The court declines this invitation. *See* 28 U.S.C. § 1367(c) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]"); *see also Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1043 (D.C. Cir. 2003) (upholding district court's refusal to exercise supplemental jurisdiction).

Curiously, defendant posits that remand "would encourage blatant forum-shopping by plaintiffs," Def.'s Opp'n at 3, when in fact plaintiffs have only sought to return this action to the court from which they originally sought relief.